**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Sonja Kajander, | ) | No. CV 09-02164-PHX-JAT |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| City of Phoenix, an Arizona municipal corporation, | ) ) ) | |
| Defendant. | ) ) ) ) ) | |

    Plaintiff has filed a Motion to Strike Defendant's Answer (Doc. #17) and a Motion for Entry of Default Against Defendant (Doc. #16). The Court will deny the Motions.

**I. PROCEDURAL BACKGROUND**

    Plaintiff filed her Complaint on October 15, 2009 (Doc. # 1). Pursuant to Fed. R. Civ. P. 12(a)(2), Defendant had 20 days to timely file its Answer. Defendant filed its Answer on December 8, 2009 (Doc. # 15), nearly three weeks after the 20 day deadline. Defendant's counsel had been retained one week prior to filing its Answer and had requested an extension from Plaintiff, but received no response (Doc. #19 at 4). Plaintiff filed her Motions on December 8, 2009, after Defendant filed its Answer.

## II. LEGAL ANALYSIS

1. Fed. R. Civ. P. 55(a)

Fed. R. Civ. P. 55(a) requires that a party must petition the court for an entry of default before it may be entered. Also, for the clerk to make an entry of default against a party, that party must have "failed to plead or otherwise defend." *Id.*

Because Defendant's Answer is on file, Defendant has not failed to plead its case and does not meet the requirements for an entry of default under Fed. R. Civ. P. 55(a).

2. Fed. R. Civ. P. 55(c)

Furthermore, a grant of default judgment would unnecessarily delay these proceedings and would inhibit the efficiency of the Court because default would likely be set aside later under Fed. R. Civ. P. 55(c). The Rule provides that the Court may set aside an entry of default for "good cause." *Id.* The Court examines three factors in deciding whether there is good cause: "whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment would prejudice the plaintiff." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). Moreover, the Court favors settling disputes based on their merits whenever possible. *Id.*

### a. Culpable Conduct

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Knoebber*, 244 F.3d at 697 (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)). In this context, intentional conduct connotes more than a conscious choice; rather it is akin to conduct that is willful, deliberate, or done in bad faith. *Id.* at 697-98. "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under our [Circuit's] default cases, and is therefore not *necessarily* . . . culpable or inexcusable." *Id.* (emphasis in original). "In contrast, courts have typically held that a defendant's conduct was culpable . . . where there

is no explanation of the default inconsistent with a devious, deliberate, willful, or bad failure to respond." *Id.* at 698.

In the instant case, Defendant's counsel had only been retained one week prior to the filing deadline and had requested an extension from Plaintiff, to which they received no response. Defendant acted in good faith and showed no intention of taking advantage of Plaintiff or this Court through its delay. Thus, while Defendant's conduct may have been neglectful in waiting to retain counsel so close to a filing deadline, it was not culpable.

### b. Meritorious Defenses

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *Knoebber*, 244 F.3d at 700. The defendant's burden in this respect "is not extraordinarily heavy." *Id.*

Here, Defendant has stated a valid defense of *res judicata* that is supported by specific facts. The Court should thus have the opportunity to decide the case on its merits.

### c. Prejudice to Plaintiff

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Id.* at 701. Thus, the Court examines whether the delay in setting aside the judgment will hinder the plaintiff's ability to pursue the claim. *Id.*

In this case, the Court had not yet set any deadlines when Plaintiff filed her Motions, so Defendant's tardiness in filing its Answer did not delay discovery or impede Plaintiff's ability to pursue her claim in any way.

## III. CONCLUSION

Based on the foregoing factors and the general preference for resolving cases on their merits, the Court concludes that any default in this case would be set aside and so the Motion to Strike and Motion for Entry of Default should be denied.

///
///
///
///

1 Accordingly,

2     IT IS HEREBY ORDERED DENYING Plaintiff's Motion to Strike Answer (Doc.

3 #17) and for Entry of Default Judgment Against Defendant (Doc. #16).

4     DATED this 19th day of February, 2010.

James A. Teilborg
United States District Judge