**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sonja Kajander, a single woman, | No. 2:09-CV-02164-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Phoenix, an Arizona Municipal Corporation, | |
| Defendant. | |

Five separate motions are currently pending before the Court: 1) Defendant's Motion for Summary Judgment (Doc. #33); 2) Defendant's Motion to Strike Plaintiff's Addendum (Doc. #49); 3) Plaintiff's Motion for Judgment on the Pleadings (Doc. #37); 4) Defendant's Motion for Sanctions (Doc. #39); and 5) Plaintiff's Motion for a Protective Order (Doc. #51). For the reasons that follow, the Court grants Defendant's Motion for Summary Judgment and Motion to Strike, grants in part and denies in part Defendant's Motion for Sanctions, and denies Plaintiff's Motion for Judgment on the Pleadings and Motion for a Protective Order.

**I.     Factual and Procedural History**

On January 8, 2002, Ms. Sonja Kajander ("Plaintiff") filed her first complaint against multiple defendants, including the City of Phoenix ("Defendant"), which asserted six separate claims for relief: 1) false imprisonment; 2) intentional infliction of emotional distress; 3) punitive damages; 4) gross negligence; 5) 42 U.S.C. § 1983; and 6) 42 U.S.C. § 1985. (Doc. #33, Exh. 1). These allegations stemmed from a January 11, 2001 incident where officers arrested Plaintiff for allegedly shoplifting at a Fry's Food and Drug (Doc. #33 at 2). On February 5, 2002, Defendants removed the lawsuit from Maricopa County

Superior Court to the United States District Court of Arizona (Doc. #33, Exh. 2).

District Court Judge Campbell ultimately dismissed or granted summary judgment on each of Plaintiff's claims. (Doc. #33, Exh. 2). Plaintiff appealed the Court's summary dismissal of her false imprisonment and § 1983 claims. (Doc. #33, Exh. 3). The Ninth Circuit Court of Appeals ultimately affirmed summary dismissal of the 42 U.S.C. § 1983 challenge, but reversed on the Plaintiff's false imprisonment claim (Doc. #33, Exh. 3). Absent any remaining federal issue, the Court then exercised its discretionary authority to remand this claim to Maricopa County Superior Court. (Doc. #33, Exh. 2). On March 17, 2008, Superior Court Judge Blakey granted summary judgment on Plaintiff's false imprisonment claim because "[she] had not shown . . . any genuine issues of material fact that would dispute Defendants' sworn affidavits outlining the bases for Plaintiff's arrest." (Doc. #33, Exh. 4).

In October 2009, Plaintiff filed another Complaint in this Court regarding her 2001 altercation with police and store security personnel at Fry's Food and Drug (Doc. #1). In this pending Complaint, Plaintiff seeks relief from the City of Phoenix, one of the defendants in her original lawsuit. Her Complaint alleges both Defendant's false imprisonment and violation of 42 U.S.C. § 1983 through the officers' use of excessive force. (Doc. #1 at 9). Plaintiff has filed a Motion for Judgment on the Pleadings because she believes the Superior Court did not have jurisdiction to render a valid, final judgment (Doc. #37). Furthermore, she requests a protective order for Defendant's alleged discovery abuses (Doc. #51). Defendant requests summary judgment on *res judicata* grounds (Doc. #33), the striking of Plaintiff's addendum (Doc. #49), and sanctions (Doc. #39).

**II. Discussion**

    **A. Defendant's Motion for Summary Judgment**

Defendant seeks summary judgment on both Plaintiff's false imprisonment and 42 U.S.C. § 1983 claims because *res judicata* precludes her from reasserting them. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, summary judgment is mandated, ". . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Because the false imprisonment and § 1983 claims were dismissed at the state and federal level respectively, the court in which the particular dismissal occurred will dictate the relevant *res judicata* legal standard. *See Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990).

    **1. False Imprisonment Claim**

State law governs the application of collateral estoppel to a state court decision. *Id.*; *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). The Maricopa County Superior Court decided Plaintiff's false imprisonment claim. (Doc. #33, Exh. 5). Accordingly, Arizona law will govern whether collateral estoppel is appropriate for this particular claim.

The party seeking to assert collateral estoppel bears the burden of establishing the requisite elements. *See State Comp. Fund v. Yellow Cab Co. of Phoenix*, 3 P.3d 1040, 1044 (Ariz. Ct. App. 1999). Therefore, the City of Phoenix will have the burden of showing all the elements of collateral estoppel.

In Arizona, *res judicata* will preclude a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties was, or might have been, determined in the former action. *Hall v. Lalli*, 977

P.2d 776, 779 (Ariz. 1999); *accord Blonder-Tongue Labs. v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971). Collateral estoppel, or issue preclusion, occurs when: 1) the issue was actually litigated in a previous proceeding; 2) the parties had a full and fair opportunity and motive to litigate the issue; 3) a valid and final judgment is entered; 4) resolution of the issue was essential to the decision; and 5) there is common identity of the parties. *See Garcia v. General Motors Corp.*, 990 P.2d 1069, 1073 (Ariz. Ct. App. 2000).

In the current case, the parties only dispute whether the Superior Court made a valid, final judgment. The other requisite elements are clearly met. First, both Ms. Kajander and the City of Phoenix were parties to the original 2001 dispute. Second, Judge Blakey necessarily reached the false imprisonment issue because this claim was the only one before the Superior Court. Finally, nothing in the record suggests that Plaintiff did not litigate her claim, or that she was denied a fair opportunity to do so. The applicability of collateral estoppel therefore hinges upon whether Judge Blakley's summary judgment order constitutes a valid, final judgment. For the following reasons, the Court concludes that this order did constitute a valid, final judgment.

Judge Blakley granted Defendants' Cross Motion for Summary Judgment on May 29, 2008 (Doc. #33, Exh. 5). Despite this order, Plaintiff contends that no valid, final judgment exists. Plaintiff initially asserts the Superior Court was unable to make a final judgment because this Court still possessed the case file. (Doc. #42 at 2). Even absent the physical folder and its contents, the Superior Court could rule on the case's merits.

After the Ninth Circuit Court of Appeals remanded the state law false imprisonment, this Court declined to exercise supplemental jurisdiction because no federal question remained. Accordingly, Judge Campbell properly exercised his discretion in remanding the false imprisonment claim. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[W]hen the federal claims have dropped out of the lawsuit in its early stages and only state law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."). Therefore, the Superior Court had jurisdiction over the claim.

This unambiguous procedural history also defeats Plaintiff's other objections. First, Plaintiff did not have to submit a new complaint to the Superior Court because this Court simply remanded the original false imprisonment claim to the state court system. Second, the Superior Court's 150-day Order to Dismiss (December 2002) occurred after the case was removed into this Court based upon a remaining federal question. This Order did not prevent Judge Campbell from handling the case because the Court had jurisdiction over Plaintiff's claims. The Superior Court Order did not restrict the Court's authority to decide on the claims.

Plaintiff's current allegations arise from the very same set of facts as her original complaint. In fact, this Complaint alleges her original lawsuit's exact false imprisonment claim. Because the Superior Court has fully and fairly adjudicated this very issue, the Plaintiff cannot reassert her false imprisonment claim in this Court.

### 2. Plaintiff's 42 U.S.C. § 1983 Claim of Excessive Force

Plaintiff also alleges a 42 U.S.C. § 1983 violation based on Defendant's alleged use of excessive force. Defendant argues that *res judicata* bars this claim as well. No court has ever ruled on Plaintiff's specific claim of excessive force but Plaintiff has previously asserted a § 1983 claim out of the same 2001 altercation. The Court must determine whether Plaintiff could have brought this claim during her previous lawsuit because it arises from the same transactional nucleus of operative facts. *See Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes*, 323 F.3d 767, 770 (9th Cir. 2003). *Res judicata* precludes this claim because Plaintiff could have asserted it in her previous lawsuit.

The doctrine of *res judicata* protects "litigants from the burden of relitigating an identical issue" and promotes "judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). The doctrine bars a claim where there is an identity of claims, a final judgment on the merits, and privity between parties. *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). An identity of claims exists if the two actions arise out of the same transactional nucleus of facts.

*Burlington*, 323 F.3d at 770.

An involuntary dismissal is an adjudication on the merits, unless otherwise specified. Fed.R.Civ.P. 41(b). District Court Judge Campbell specifically noted that all of Plaintiff's claims were dismissed with prejudice (Doc. #33, Exh. 2, Docket No. 258).[1] Because a final judgment was reached between these very same litigants, the only remaining issue to determine is whether the § 1983 excessive force allegation arises from the same nucleus of facts as Plaintiff's original complaint.

Plaintiff's original § 1983 count alleged "[the defendants'] denial of her due process and equal protection rights under the United States Constitution and the Arizona Constitution." (Doc. #33, Exh. 3 at 11). This original claim stemmed from her January 2001 detainment at Fry's Food and Drug by Phoenix police officers. (Doc. #33, Exh. 3 at 2). Plaintiff currently asserts a § 1983 claim alleging that the police used excessive force during that detainment and arrest. (Doc. #1 at 9). Both claims clearly involve the 2001 facts. Plaintiff is now simply providing a more specific basis for obtaining relief under 42 U.S.C. § 1983. This Court does not need to investigate the reasons why Plaintiff failed to raise this specific § 1983 claim for purpose of *res judicata*; instead, the ultimate determination is whether she could have raised the issue because it arose from the same nucleus of facts. *See Burlington*, 323 F.3d at 770. Because Plaintiff's current claim does aries from the same nucleus of facts as her previous lawsuit against the City of Phoenix, *res judicata* bars Plaintiff's most recent 42 U.S.C. §1983 challenge. The Court therefore grants Defendant's Motion for Summary Judgment.

**B.     Defendant's Motion to Strike Plaintiff's Addendum**

Defendant requests the Court to strike Plaintiff's addendum (Doc. #49) because of improper filing. The Court has authority to strike "any part of a filing or submission on the

---

[1] The Ninth Circuit Court of Appeals upheld Judge Campbell's dismissal of Plaintiff's 42 U.S.C. § 1983 claim.

ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m). Plaintiff did not include the addendum with her response to Defendant's motion and accompanying facts. She could not supplement her response beyond the 30-day time period allowed by Local Rule 56.1(d) without leave of the Court. LRCiv 56.1(d). Because she filed without leave, the addendum is unauthorized and the Court will strike it. Therefore, the Court grants Defendant's Motion to Strike Plaintiff's Addendum.[2]

### C. Plaintiff's Motion for Judgment on the Pleadings

Plaintiff requests judgment on the pleadings for two specific reasons: 1) the Ninth Circuit reversed summary judgment on Plaintiff's false imprisonment; and 2) the Court was not permitted to remand the case to the Superior Court and therefore that court did not possess subject-matter jurisdiction. (Doc. #37). The Court has already determined that the Superior Court had authority to render a final judgment. Additionally, the Ninth Circuit Court of Appeals, in an exercise of its appellate authority, remanded the case back to this Court. The remand was not a favorable judgment on the merits, and consequently, does not carry a preclusive effect. Because the Court has granted Defendant's Motion for Summary Judgment on *res judicata* grounds, no determinations need to made regarding the merits of Plaintiff's allegations. For these reasons, the Court denies Plaintiff's Motion for Judgment on the Pleadings.

### D. Defendant's Motion for Sanctions

Fed. R. Civ. P. 11 justifies sanctions "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v.*

---

[2] Even if the Court allowed Plaintiff's addendum, this supplement would not have affected the Court's order to grant summary judgment. Despite Plaintiff's opposing arguments, the Superior Court acquired jurisdiction over Plaintiff's false imprisonment claim and could make a valid, final judgment on the merits. After the Ninth Circuit remanded the state issue, the Court declined to exercise supplemental jurisdiction because no remaining federal claim existed. Accordingly, Judge Campbell properly exercised his discretion in remanding the false imprisonment claim, and thus, the Superior Court possessed jurisdiction to rule on the merits.

1  *County of L.A.*, 120 F.3d 982, 985 (9th Cir. 1997). A "frivolous" filing is one that is "both
2  baseless and made without a reasonable and competent inquiry." *Townsend v. Holman
3  Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). Prior to filing a complaint, an
4  attorney has a duty to conduct a reasonable factual investigation <u>and</u> to perform adequate
5  legal research that confirms whether the theoretical basis of the complaint is "warranted by
6  existing law or a good faith argument for an extension, modification or reversal of existing
7  law." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (emphasis added)
8  (quoting *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1537 (9th Cir.
9  1986)); Fed. R. Civ. P. 11(b)(2). If the record supports a complaint being barred by the *res
10 judicata* or collateral estoppel effects of prior judgments, and a reasonable and competent
11 inquiry would have led to the same conclusion, Rule 11 sanctions are justified. *Buster v.
12 Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997).

Defendant seeks Rule 11 sanctions against both Plaintiff and her counsel in the form of reasonable attorney's fees (Doc. #39). The Court must analyze certain threshold issues before actually ruling on the merits of Defendant's Motion. First, Rule 11's safe harbor provision does not restrict the Court's ability to award sanctions. *See* Fed. R. Civ. P. 11(c)(2) ("The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."). Defendant served Plaintiff with the Motion prior to filing with the Court. (Doc. #33 at 1, n.1). Further, Plaintiff did not withdraw the Complaint within the 21-day time period; instead, she filed a responsive pleading opposing the sanctions (Doc. #45).

Second, sanctions will be available only against Plaintiff's counsel. Nothing in the record suggests wrongful or illegitimate conduct by Plaintiff. The offending conduct exclusively concerns her attorney's failure to conduct a reasonable factual investigation and adequate legal research. The doctrine of *res judicata* often presents difficult issues for attorneys, law students, and non-lawyers alike. Plaintiff, however, was not responsible for

forming coherent and non-frivolous legal arguments. Her attorney bore this burden. Therefore, the Court will not impose sanctions against Plaintiff for her attorney's failures.

In her responsive pleading, "Plaintiff's Response to a <u>Legal Fiction</u> - Defendant's Motion for Sanctions," Plaintiff again attempts to argue her case's merits (Doc. #45) (emphasis added). In fact, nearly half of Plaintiff's response presents her factual arguments on the merits rather than actually contesting the sanctions. (Doc. #45 at 3-8). Plaintiff mainly reasserts the same arguments she made in opposition of summary judgment.

Plaintiff first argues that "[she] was never afforded a 'full and fair opportunity' to appeal the [state court] judgment in the Court of Appeals." (Doc. #45 at 8, ¶ 5). Such an argument is without merit and even deceptive because Plaintiff actually withdrew her appeal. (Doc. #33, Exh. 7).

Furthermore, Plaintiff continues to argue that the Superior Court lacked jurisdiction to rule on the false imprisonment claim. (Doc. #45 at 9). Plaintiff asserts that, because the Ninth Circuit Court of Appeals reversed this Court's grant of summary judgment, the law of the case doctrine restricted any other court from making a final judgment. (Doc. #45 at 9). As noted earlier, however, the Ninth Circuit Court of Appeals remanded the false imprisonment claim back to the Court because the evidence could not validly sustain summary judgment at that time. The Ninth Circuit did not reach the merits of the claim.

Absent any remaining federal question, Judge Campbell then exercised his discretionary authority to remand the claim back to Superior Court. Neither this Court nor the Ninth Circuit Court of Appeals made a valid, final judgment on Plaintiff's false imprisonment claim. *See State of Cal. Dep't of Social Servs. v. Thompson*, 321 F.3d 835, 847 (9th Cir. 2003) ("Once a decision of the district court is reversed, the judgment cannot serve as the basis for a disposition on the grounds of res judicata or collateral estoppel.") (internal citations omitted). Therefore, the Superior Court had jurisdiction over this claim and the law of the case doctrine did not restrict its authority to grant summary judgment.

Even ignoring Plaintiff's late response to Defendant's Motion, the Court finds no

sustainable arguments to oppose sanctions. Plaintiff's signed papers contain multiple arguments directly contradictory to existing law. The Court has already noted several problems with Plaintiff's opposition to summary judgment. Primarily, counsel either ignores existing precedent or distorts the record to support his client's claims. Adequate research would have demonstrated Plaintiff's inability to reassert her claims. Plaintiff's claims are not based upon unresolved or ambiguous matters of law. The claims clearly implicate *res judicata*; she seeks relief on claims either already fully determined (false imprisonment) or those she could have previously asserted in her first complaint (42 U.S.C. § 1983 excessive use of force).

Sanctions are indeed a harsh penalty when coupled with dismissal. However, Plaintiff had the opportunity to voluntarily withdraw her Complaint after receiving proper notice of Defendant's Motion. Plaintiff continues to expend the Court's precious resources by reasserting meritless arguments. Her claims have also required Defendant's response, which undoubtedly created unnecessary costs. Because the Court finds Plaintiff's current claims to be both baseless and lacking reasonable investigation, Rule 11 sanctions are justified against Plaintiff's counsel.

"[T]he district court [has] wide discretion in awarding attorney's fees under Rule 11." *United States v. 87 Skyline Terrace*, 26 F.3d 923, 927 (9th Cir. 1994). This discretion includes the Court's authority to set a precise cut-off date for attorney's fees and costs. *See Hendrix v. Naphtal*, 971 F.2d 398, 401 (9th Cir. 1992). The Court will therefore award all reasonable attorney's fees and costs Defendant incurred from Plaintiff's October 15, 2009 Complaint (Doc. #1). *See Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993) ("[W]here the original complaint is the improper pleading, all attorney fees reasonably incurred in defending against the claims asserted in the complaint form the proper basis for sanctions."). The Court limits these sanctions to Plaintiff's counsel.

### E. Plaintiff's Motion for a Protective Order

Plaintiff requests a protective order (Doc. #51) under Rule 26(d) of the Federal Rules of Civil Procedure because she argues that Defendant's request for admissions constitutes an abuse of discovery. This issue is moot because the Court has already determined that summary judgment is appropriate on Plaintiff's claims for relief. The Court therefore does not have to make a determination on Plaintiff's Motion and it is accordingly denied.

### III. Conclusion

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. #33) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Addendum (Doc. #49) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (Doc. #37) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions (Doc. #39) is **GRANTED IN PART AND DENIED IN PART** awarding Defendant reasonable attorney's fees and costs associated with litigating Plaintiff's false imprisonment and 42 U.S.C. § 1983 claims as specified in this Order. Such fees shall be imposed only against Plaintiff's counsel. Within ten (10) days of the date of this Order, Defendant shall submit an motion for attorney's fees incurred in litigating these claims that complies with L.R.Civ.P.54.2.

**IT IS FURTHER ORDERED** DENYING as moot Plaintiff's Motion for Protective Order (Doc. #51).

**IT IS FURTHER ORDERED** DENYING as moot Defendant's second Motion for Summary Judgment (Doc. #53).

DATED this 22nd day of June, 2010.

James A. Teilborg
United States District Judge