**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sonja Kajander, | No. CV 09-02164-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Phoenix, an Arizona municipal corporation, | |
| Defendant. | |

Plaintiff's counsel filed a Motion to Vacate 3/9/11 Judgment on March 21, 2011. (Doc. 67.) Counsel moved pursuant to Federal Rule of Civil Procedure 59(e) to vacate the Court's judgment (Doc. 66) entered on the Court's award of attorneys' fees to Defendant (Doc. 65). Counsel seems to make two arguments for vacating the award: 1) Defendant's Memorandum in Support of an award of attorneys' fees was untimely and 2) the judgment should be against Plaintiff's counsel, not Plaintiff.

"A Rule 59 motion should not be granted 'unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McQuillion v. Duncan*, 343 F.3d 1012, 1014 (9 Cir. 2003)(quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)(en banc)). The Court ordinarily will deny a motion for reconsideration absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to the Court's attention earlier

with reasonable diligence. L.R.Civ.P. 7.2(g). No motion for reconsideration may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order for which the party seeks reconsideration. *Id*. Repeating arguments in a motion to reconsider may be grounds for denying the motion. *Id*.

The Court disagrees with Plaintiff's counsel that it erred in awarding attorneys' fees to Defendant and against counsel as a sanction. The Court finds that Defendant's Memorandum in Support of its Motion for Attorney Fees (Doc. 62) was timely. But the Court will grant the Rule 59(e) motion to the limited extent that the Court will order an Amended Judgment that clarifies that the Judgment for Attorney Fees is against Plaintiff's counsel, not Plaintiff.

In its March 9, 2011 Order (Doc. 65), the Court awarded attorneys' fees in the amount of $17,334 and non-taxable costs of $886.92 to Defendant against Plaintiff's counsel, Mr. Weinstein. But for some reason, the Clerk entered judgment against Plaintiff. Defendant City of Phoenix joins with Mr. Weinstein in seeking to correct this error. (Doc. 68.)

Because the award of attorneys' fees and costs was against Mr. Weinstein, not Plaintiff, the Judgment should reflect that.

Accordingly,

**IT IS ORDERED** GRANTING Plaintiff's counsel's Rule 59(e) Motion (Doc. 67) to the limited extent outlined above.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter an Amended Judgment awarding attorneys' fees in the amount of $17,334 and non-taxable costs of $886.92 to Defendant against Plaintiff's counsel, Mr. Howard Weinstein, pursuant to the March 9, 2011 Order.

DATED this 4th day of November, 2011.

James A. Teilborg
United States District Judge